279

Argued and submitted July 25, affirmed as to CA 15225 and CA 15224; reversed as to CA 15571 September 22, reconsideration denied November 6, petition for review allowed December 23, 1980

In the Matter of Stacy Lee Holland, a child.

STATE ex rel JUVENILE DEPARTMENT OF LANE COUNTY, et al,

*Appellants - Cross-Respondents,*

*v.*

HOLLAND, et al,

*Respondents - Cross-Appellants.*

In the Matter of Heidi Michelle Moothart, a child.

STATE ex rel JUVENILE DEPARTMENT OF LANE COUNTY, et al,

*Appellants - Cross-Respondents,*

*v.*

HOLLAND,

*Respondent - Cross-Appellant.*

In the Matter of Patrick Michael Haggmark, a child.

STATE ex rel JUVENILE DEPARTMENT OF LANE COUNTY, et al,

*Respondents,*

*v.*

HOLLAND,

*Appellant.*

(cases consolidated)

(No. 75-100, CA 15225)
(No. 75-098, CA 15224)
(No. 75-099, CA 15581)

616 P2d 1184

John C. Bradley, Assistant Attorney General, Salem, argued the cause for appellants— cross-respondents and respondents. With him on the briefs were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert A. Ford, Eugene, argued the cause for respondents - cross appellants and appellant. With him on the briefs was Bromley & Ford, Eugene.

Barbara J. C. Shepherd, Eugene, argued the cause and filed the briefs for children.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

In these three consolidated cases, the state seeks to terminate the parental rights of the mother in her two daughters and her son, and the rights of the mother's current husband in the one daughter who is his natural child. The three children have been wards of the court since April, 1975.

The state appeals from the trial court's orders denying termination of parental rights in the two daughters. We affirm those orders, and consider that comment on the factual background would serve no worthwhile purpose. *State ex rel Juv. Dept. v. Navarette,* 30 Or App 909, 569 P2d 26 (1977).

The mother appeals from the trial court's order terminating her parental rights in her son. We reverse, and find it necessary to comment briefly. The son has serious behavioral problems. These have improved somewhat while he has been in foster care. The mother suffers from psychological problems, which are manifested by difficulty in coping with the children— particularly the son. The stepfather has also had difficulty in dealing with the boy. The trial judge's opinion states that the son "brings out the worst" in his mother and stepfather, and that the boy's conduct has caused the parents "to react physically toward him in an abusive manner." We do not agree that the son has been abused, although the mother and, to a lesser degree, the stepfather have administered inappropriate discipline.

It may be that the interests of the boy, the mother and stepfather, and the two daughters would be best served if the boy were separated at least for now from the parents' home. However, we conclude that the state failed to prove by a preponderance of competent evidence that the parental capabilities of the mother and stepfather are less likely to change with respect to the son than with respect to the two daughters. The son would be more difficult for *any* parents to handle than the daughters. Improvement in the abilities of *these* parents is necessary in connection

with all three children. However, the evidence does not show that the mother's parental defects represented such a substantial departure from the "norm" as to come within the standard for termination set forth in ORS 419.523(2). *See State v. McMaster,* 259 Or 291, 304, 486 P2d 567 (1971); *State ex rel Juv. Dept. v. Wyatt,* 34 Or App 793, 579 P2d 889, *rev den* (1978).

We note our concern about the nature of the Children Services Division's (CSD) approach to this family's problems. It appears that there have been an unusual number of different caseworkers and other personnel assigned to the case from time to time, some of whose opinions of the family situation were reasonably encouraging. Further, the case has been reassigned at critical times. The basic attitudes of the various caseworkers about the situation have differed; some have actively attempted to create conditions promoting the reintegration of the children into the home, while others appear to have operated on the assumption that that objective could not be achieved and that termination was the answer. The foregoing factors may account for the inadequate response of the mother and stepfather to the recommendations of CSD personnel.

The trial court's supervision of the placement of the children and of the parents' conduct and efforts to improve can and should continue. In supervising the situation, the court may wish to insist that CSD provide greater continuity of assigned personnel and greater consistency in its approach to the parents than has been the case to date.

Affirmed as to CA 15224 and 15225. Reversed as to CA 15581.